1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD VINCENT RAY, III,

                Petitioner,

    v.

MATTHEW CATE,

                Respondent.

_____/

No. C 11-1604 YGR (PR)

**ORDER DENYING
MOTION TO DISMISS;**

**ORDER SETTING
BRIEFING SCHEDULE**

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition (Docket No. 32) is DENIED. **Respondent is directed to file an answer addressing the merits of the claims raised in the operative petition on or before March 20, 2013.**

## DISCUSSION

Respondent moves to (I) dismiss the petition on grounds that it is untimely, or, in the alternative, (II) dismiss two claims as procedurally defaulted.

**I.     Timeliness of the Petition**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by

1   unconstitutional state action was removed, if such action prevented petitioner from filing;  (3)

2   the constitutional right asserted was recognized by the Supreme Court, if the right was newly

3   recognized by the Supreme Court and made retroactive to cases on collateral review; or (4)

4   the factual predicate of the claim could have been discovered through the exercise of due

5   diligence.  *See* 28 U.S.C. § 2244(d)(1).  "[W]hen a petitioner fails to seek a writ of certiorari

6   from the United States Supreme Court, the AEDPA's one-year limitations period begins to

7   run on the date the ninety-day period defined by Supreme Court Rule 13 expires."  *Bowen v.*

8   *Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

9        Respondent contends that the instant federal habeas petition is untimely.  The record

10   does not support this contention.  On March 10, 2010, the state supreme court denied a

11   petition for direct review of the robbery convictions petitioner received in 2007.  Petitioner,

12   then, had until June 8, 2011, that is, one year and ninety days, to file a timely federal habeas

13   petition.  The instant petition was filed on March 16, 2011,[1] well within the filing deadline.

14   Accordingly, respondent's motion to dismiss is DENIED.

15        Respondent based his contentions on the belief that the state supreme court never

16   filed, and therefore never ruled on, a direct review petition petitioner attempted to file on

17   February 2, 2010.  However, the record shows that the state supreme court denied

18   petitioner's  petition for review on March 10, 2010 (Opp. to Mot. to Dismiss, Ex. 5) in an

19   action bearing the same case number with which petitioner's "attempted" petition was

20   stamped.

21        Respondent also contends that this petition for direct review was untimely.  It may

22   have been.  On November 23, 2009, the state appellate court affirmed on direct appeal

23   petitioner' s robbery convictions.  Petitioner had 40 days, that is, until January 2, 2010, to file

24   a timely petition for direct review in the state supreme court.  *See* Cal. Rule of Court, 8.500.

25

26        [1] Petitioner is entitled to this filing date, rather than the April 1, 2011 date listed in the
27   docket.  The Court assumes that he put the petition in the prison mail the day he signed it
     (March 16, 2011) and will use that as the filing date under the prisoner mailbox rule.  *See*
28   generally *Houston v. Lack*, 487 U.S. 266, 276 (1988).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  Petitioner appears to have filed a late petition for direct review on February 2, 2010.  The

2  state supreme court, however, did rule on the petition, and there was no mention of the

3  petition's untimeliness.  On such a record, this Court must assume that the state supreme

4  court waived any timeliness concerns, and ruled on the merits of the claims.  On such a

5  record, the instant federal habeas petition was timely filed, and respondent's motion is

6  DENIED.

7  **II.     Procedural Default**

8          Respondent's contentions regarding procedural default are better raised in an answer,

9  which will also contain a discussion of the claims' merits.  Accordingly, respondent's motion

10  to dismiss some claims as procedurally defaulted is DENIED.

11                                            **CONCLUSION**

12          For the reasons stated above, respondent's motion to dismiss the petition (Docket No.

13  32) is DENIED.  Petitioner's motion to strike the dismissal motion (Docket No. 34) is

14  DENIED.

15          **On or before March 20, 2013, respondent shall file an answer addressing the**

16  **merits of the claims raised in the operative petition.**  If petitioner wishes to respond to the

17  answer, he shall do so by filing a traverse with the Court and serving it on respondent's

18  counsel within **thirty (30)** days of the date the answer is filed.  Upon a showing of good

19  cause, requests by either party for a reasonable extension of time will be granted provided

20  they are filed on or before the deadline they seek to extend.

21          The Clerk shall terminate Docket Nos. 32 and 34.

22          **IT IS SO ORDERED**.

23  DATED:    January 10, 2013                                    _____

24                                                              **YVONNE GONZALEZ ROGERS**
                                                               **UNITED STATES DISTRICT COURT JUDGE**

25

26

27

28

No. C 11-1604 YGR (PR)
ORDER DENYING MOTION TO DISMISS