UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, III, | No. C 11-1604 YGR (PR) |
| Petitioner, | **ORDER DENYING MOTION TO DISMISS;** |
| v. | **ORDER SETTING BRIEFING SCHEDULE** |
| MATTHEW CATE, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition (Docket No. 32) is DENIED. **Respondent is directed to file an answer addressing the merits of the claims raised in the operative petition on or before March 20, 2013.**

## DISCUSSION

Respondent moves to (I) dismiss the petition on grounds that it is untimely, or, in the alternative, (II) dismiss two claims as procedurally defaulted.

### I. Timeliness of the Petition

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by

1 unconstitutional state action was removed, if such action prevented petitioner from filing; (3)
2 the constitutional right asserted was recognized by the Supreme Court, if the right was newly
3 recognized by the Supreme Court and made retroactive to cases on collateral review; or (4)
4 the factual predicate of the claim could have been discovered through the exercise of due
5 diligence. *See* 28 U.S.C. § 2244(d)(1).  "[W]hen a petitioner fails to seek a writ of certiorari
6 from the United States Supreme Court, the AEDPA's one-year limitations period begins to
7 run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v.*
8 *Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

9 Respondent contends that the instant federal habeas petition is untimely. The record
10 does not support this contention.  On March 10, 2010, the state supreme court denied a
11 petition for direct review of the robbery convictions petitioner received in 2007. Petitioner,
12 then, had until June 8, 2011, that is, one year and ninety days, to file a timely federal habeas
13 petition. The instant petition was filed on March 16, 2011,[1] well within the filing deadline.
14 Accordingly, respondent's motion to dismiss is DENIED.

15 Respondent based his contentions on the belief that the state supreme court never
16 filed, and therefore never ruled on, a direct review petition petitioner attempted to file on
17 February 2, 2010.  However, the record shows that the state supreme court denied
18 petitioner's petition for review on March 10, 2010 (Opp. to Mot. to Dismiss, Ex. 5) in an
19 action bearing the same case number with which petitioner's "attempted" petition was
20 stamped.

21 Respondent also contends that this petition for direct review was untimely. It may
22 have been.  On November 23, 2009, the state appellate court affirmed on direct appeal
23 petitioner' s robbery convictions. Petitioner had 40 days, that is, until January 2, 2010, to file
24 a timely petition for direct review in the state supreme court. *See* Cal. Rule of Court, 8.500.

---

[1] Petitioner is entitled to this filing date, rather than the April 1, 2011 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed it (March 16, 2011) and will use that as the filing date under the prisoner mailbox rule. *See* generally *Houston v. Lack*, 487 U.S. 266, 276 (1988).

1 Petitioner appears to have filed a late petition for direct review on February 2, 2010. The
2 state supreme court, however, did rule on the petition, and there was no mention of the
3 petition's untimeliness. On such a record, this Court must assume that the state supreme
4 court waived any timeliness concerns, and ruled on the merits of the claims. On such a
5 record, the instant federal habeas petition was timely filed, and respondent's motion is
6 DENIED.

## II. Procedural Default

Respondent's contentions regarding procedural default are better raised in an answer, which will also contain a discussion of the claims' merits. Accordingly, respondent's motion to dismiss some claims as procedurally defaulted is DENIED.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition (Docket No. 32) is DENIED. Petitioner's motion to strike the dismissal motion (Docket No. 34) is DENIED.

**On or before March 20, 2013, respondent shall file an answer addressing the merits of the claims raised in the operative petition.** If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed. Upon a showing of good cause, requests by either party for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

The Clerk shall terminate Docket Nos. 32 and 34.

**IT IS SO ORDERED**.

DATED: January 10, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE